**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PICTURE FRAME INNOVATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | |
| HEWLETT-PACKARD COMPANY, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Picture Frame Innovations, LLC ("PFI") makes the following claims for relief against Defendant Hewlett-Packard Company ("HP") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENT

2. Plaintiff Picture Frame Innovations, LLC ("PFI") is an Illinois limited liability company with its principal place of business at 125 South Wacker Drive, Suite 300, Chicago, Illinois, 60606. PFI owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,107,605 B2 ("Digital Image Frame and Method for Using the Same") (hereinafter the "'605 patent"). PFI is currently enforcing the '605 patent against Eastman Kodak Company and CDW Corporation in Case No.

1:09-CV-4888, which is pending before the Honorable Judge Blanche M. Manning and Magistrate Judge Nan R. Nolan.

3. Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California, 94304. HP is registered to do business in the State of Illinois as Hewlett-Packard Company. HP has committed acts of infringement in this judicial district and does regular business in this judicial district, including providing, in this judicial district, the products accused of infringement.

## **VENUE**

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## **DEFENDANT'S ACTS OF PATENT INFRINGEMENT**

5. Defendant HP has infringed and continues to infringe one or more of the digital image frame apparatus claims of the '605 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of digital image frames and/or digital image frame components, such as the HP DreamScreen 100, HP DreamScreen 130, and HP 8" sd828a1 Smart Wi-Fi Display (collectively, "the Accused HP Products"), that employ the inventions of said claim(s). HP has infringed and continues to infringe one or more claims of the '605 patent by knowingly and actively inducing others to infringe, contributing to the infringement of others and/or aiding and abetting others' direct infringement (such as its customers, users and business partners in this judicial district and throughout the United States) through such others' manufacture, use, importation, sale and/or offer for sale of said digital image frames

and/or digital image frame components. HP has been aware of the '605 patent since at least January 6, 2009, when a notice letter was sent to Mark V. Hurd, President and CEO of HP. PFI sent a second notice letter to Mr. Hurd on October 20, 2009, specifically asserting the applicability of the '605 patent to HP's DreamScreen products. On November 6, 2009, PFI provided HP with a chart illustrating how claims 1-3 of the '605 patent apply to the HP DreamScreen products on an element-by-element basis. On November 25, 2009, PFI provided HP with a chart illustrating how claims 1-3 and 8 of the '605 patent apply to the HP 8" sd828a1 Smart Wi-Fi Display on an element-by-element basis. Accordingly, HP has been fully aware of and has had actual knowledge of the '605 patent since at least January 6, 2009, and has had actual knowledge of its infringement of the '605 patent based on the HP DreamScreen products since at least October 20, 2009 and HP 8" sd828a1 Smart Wi-Fi Display since at least November 25, 2009, yet has acted and continues to act with the specific intent to induce, contribute to and/or aid and abet direct infringement by others.

6.     HP has made, used, imported, sold and/or offered to sell the Accused HP Products, and has actively encouraged others to infringe make, use, import, sell and/or offer to sell the Accused HP Products, despite an objectively high likelihood that these actions constituted infringement of the '605 patent. This likelihood was known or was so obvious that it should have been known by HP. Accordingly, HP's infringement, inducement to infringe and/or contributory infringement has been and continues to be willful and deliberate.

7.     To the extent required by law, PFI has complied with the marking requirements of 35 U.S.C. § 287.

8. Defendant's infringement has injured PFI, and PFI is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.

9. Further, PFI will continue to be injured unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Defendant's products and/or technologies that fall within the scope of the asserted claims of the '605 patent.

## PRAYER FOR RELIEF

WHEREFORE, PFI asks this Court to enter judgment against HP and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate PFI for the infringement that has occurred, together with prejudgment interest from the date infringement of the '605 patent began;

B. An award to PFI of all remedies available under 35 U.S.C. § 284;

C. A finding that HP's infringement has been willful and an award of increased damages as provided by 35 U.S.C. § 284;

D. An award to PFI of all remedies available under 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '605 patent; and,

F. Such other and further relief as this Court or a jury may deem proper and just.

## **JURY DEMAND**

PFI demands a trial by jury on all issues so triable.

Date: January 6, 2010

Picture Frame Innovations, LLC

/s/   *David J. Sheikh*
Raymond P. Niro
David J. Sheikh
Brian E. Haan
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Fax: (312) 236-3137